UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  2:19-CR-00136-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **JAMES GAHARAN (01)** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is a Motion for Compassionate Release [Doc. 47] filed by Defendant James Garahan. The government opposes this motion [Doc. 53].

## BACKGROUND

Mr. Gaharan pled guilty to possession of child pornography on September 27, 2019. On February 19, 2020, Mr. Gaharan was sentenced to ninety-seven (97) months imprisonment with credit for time served in Federal custody since May 8, 2019, and ten (10) years supervised release. Doc. 44.

Mr. Gaharan pled guilty to possession of child pornography involving a child under the age of 12. The facts as presented in the presentence report are as follows [Doc. 43. PSR]: Mr. Gaharan was a teacher at a high school in Lake Charles, Louisiana area. Law enforcement was provided text messages between the Mr. Gaharan and a minor female student in which Mr. Gaharan engaged in sexual conversations. The child sent Mr. Gaharan sexually explicit images that would constitute child pornography and Mr. Gaharan sent the minor images of his penis.

Mr. Gaharan on one occasion forced the minor female to perform oral sex upon him until he ejaculated. Law enforcement executed a search warrant on Mr. Gaharan's residence. Doc. 43 PSR p. 4. At the time, Mr. Gaharan was using a wiping software making certain data on his computer unrecoverable. *Id.* A thumb drive was discovered in Mr. Gaharan's satchel which contained prepubescent child pornography. *Id.*

Mr. Gaharan's current release date from the Bureau of Prisons is March 1, 2026.

## LAW & ANALYSIS

A sentence of imprisonment may only be modified by the district court in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 825 (2010). The court may reduce a term of imprisonment for "extraordinary and compelling reasons" so long as they are "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Following passage of the First Step Act in 2018, inmates may use this provision to directly petition the court for compassionate release. The court may only act, however, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request . . . whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, the inmate is required to exhaust his administrative remedies with the BOP before bringing such a request to the court and exhaustion is a jurisdictional prerequisite for the court's ability to grant relief. *See, e.g., United States v. Johnson*, 2020 WL 166360, at *3-*6 (D. Md. Apr. 3, 2020); *United States v. Koons*, 2020 WL 1940570 (W.D. La. Apr. 21, 2020).

Mr. Gaharan asserts that this Motion for Compassionate Release is proper as he has exhausted his administrative remedies with BOP before he filed the instant motion. On December 30, 2021, Mr. Gaharan submitted to the warden of FCI Beaumont Low a request for compassionate release. To date, the warden has not responded to Mr. Gaharan's request.

Mr. Gaharan now files a Motion for Compassionate Release [Doc. 47] under 18 U.S.C. § 3582(c)(1)(A) stating that he has "extraordinary and compelling" reasons for an early release. Mr. Gaharan asserts that the Court can find "extraordinary and compelling" reason exists where a defendant suffers from a single health risk factor as identified by the Centers for Disease Control and Prevention (CDC). Mr. Gaharan explains that he is a fifty-eight (58) year old male suffering from obesity, hyperlipidemia, prediabetes, and hypertension as well as other medical conditions that place him at high risk for severe illness due to COVID-19 or one of its variants. Doc. 47 *Motion for Compassionate Release.*

The government responds by asserting that BOP medical records reflect that Mr. Gaharan has been fully vaccinated against COVID-19, and therefore Mr. Gaharan has not established "extraordinary and compelling" reasons for release under 18 U.S.C. § 3582(c)(1)(A). Doc. 53 *United States' Response in Opposition to Defendant's Motion for Compassionate Release.* The government explains that Mr. Gaharan has received two immunizations for COVID-19, the first on January 13, 2021, and the second on February 3, 2021. Doc. 53-2 *Bureau of Prisons Health Services Immunizations Records.* The government also asserts that the only condition that Mr. Gaharan cites, which according to the CDC would put him at risk for severe illness, if he contracted COVID-19, is obesity.

*Id.* The government asserts that the other conditions cited by Mr. Gaharan are not CDC recognized conditions.

Obesity under the CDC guidelines is defined as a Body Mass Index (BMI) greater than thirty (30).[1] The government points out that contrary to Mr. Gaharan's assertion that his BMI is 33, his most recent medical records from FCI Beaumont show that Mr. Gaharan has a BMI of 28-28.9. Doc. 47-1; Doc. 53. As such, Mr. Gaharan is not considered an obese individual under the CDC guidelines and no other "extraordinary and compelling" health related reasons for early release are present.

A recent ruling in *United States v. Wright*, No. CR 16-214-04, 2020 WL 1976828 (W.D. La. Apr. 24, 2020), "[t]he Court stresses that the rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person. The Court cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner."

As such, the Court finds that there is insufficient evidence of "extraordinary and compelling reasons" for Mr. Gaharan's early release. Allowing a reduction in Mr. Gaharan's case would not provide adequate deterrence form criminal conduct or reflect the seriousness of his offence. Accordingly, there is no basis for granting compassionate release in this matter.

---

[1] https://www.cdc.gov/obesity/basics/adult-defining.html.

## **CONCLUSION**

For the reasons stated above, the Motion for Compassionate Release [Doc. 47] is **DENIED.**

**THUS DONE AND SIGNED** in Chambers this 29th day of April, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**